IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| KENNETH CAIN | § | |
| v. | § | CIVIL ACTION NO. 5:10cv32 |
| STATE OF TEXAS, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Kenneth Cain, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Cain complains of a use of force which took place on January 19, 2010. He signed his lawsuit on February 11, 2010, some three weeks later. In his lawsuit, Cain acknowledged that he had not exhausted both steps of the grievance procedure prior to bringing suit. The declarations in the lawsuit, which Cain signed, state that "I understand that I must exhaust all available administrative remedies prior to filing this lawsuit."

On April 19, 2010, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed for failure to exhaust administrative remedies. This Report noted that exhaustion is normally an affirmative defense, but that the Fifth Circuit has held that a complaint may be dismissed *sua sponte* for failure to exhaust when the defense is apparent from the face of the complaint. Carbe v. Lappin, 492 F.3d 325, 327 (5th Cir. 2007). In this case, the defense is apparent from the face of the complaint because Cain stated that he had not exhausted his administrative

1

remedies. The Magistrate Judge did, however, recommend that the lawsuit be dismissed without prejudice.

On June 7, 2010, well after the time for filing objections to the Magistrate Judge's Report had expired, Cain filed a "motion to amend the report," including grievances showing that he had finished the exhaustion process on March 24, 2010, some five weeks after the filing of the lawsuit. However, the Fifth Circuit has very specifically said that completion of the grievance process after the lawsuit is filed does not satisfy the exhaustion requirement. Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998); Moore v. Cherian, 104 Fed.Appx. 444 (5th Cir., August 18, 2004). In Wendell v. Asher, 162 F.3d 887, 891 (5th Cir. 1998), the Fifth Circuit stated as follows:

> From the foregoing facts, it is clear that Wendell filed this suit before exhausting available administrative remedies. With respect to his Eighth Amendment excessive force claims, those claims were not exhausted until several days *after* Wendell filed suit. With respect to his Fourteenth Amendment due process claims, the record reflects that Wendell has never pursued administrative remedies at all.

The Fifth Circuit went on to note that Wendell's claims had been dismissed without prejudice and the statute of limitations had not expired, and so there were no apparent barriers to the refiling of his lawsuit. The court added that "given the statutory mandate of §1997e, we must affirm the district court's dismissal of Wendell's claims for failure to exhaust administrative remedies prior to filing suit as required by 42 U.S.C.A. §1997e."[1]

Precisely the same situation exists in the present case with regard to Cain's Eighth Amendment claims - he completed the exhaustion process a few weeks after filing suit. The "statutory mandate" to which the Fifth Circuit referred in Wendell was described by that case as being "the statutory requirement enacted by Congress that administrative remedies be exhausted *before* the filing of suit." The Fifth Circuit explained that "to hold otherwise would encourage premature filing by potential litigants, thus undermining Congress' purpose in passing the PLRA, which was to provide federal courts some relief from frivolous prisoner litigation." The Fifth Circuit

---

[1] As in Wendell, the statute of limitations in the present case will pose no bar to Cain's refiling of his lawsuit.

noted that <u>Underwood</u> had cited the legislative history of the PLRA in support of a decision dismissing claims that were exhausted after the lawsuit was filed, but before the claims were dismissed.

The precedent set out by the Fifth Circuit is clear and unmistakable. Section 1997e(a) states that "no action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." In this case, as in <u>Wendell</u>, the plaintiff filed his lawsuit before his available administrative remedies were exhausted, and so the Magistrate Judge properly recommended that the lawsuit be dismissed; as the Fifth Circuit has explained, the fact that Cain subsequently completed the process of exhaustion does not change the fact that his lawsuit was premature and in violation of the requirement that administrative remedies be exhausted before the lawsuit is filed. For this reason, to the extent that Cain's "motion to amend the report" may be treated as objections, such objections are without merit.

The Court has conducted a *de novo* review of the pleadings in the cause, the Report of the Magistrate Judge, and the Plaintiff's response thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's response thereto does not set out any valid basis for setting aside the Report. It is accordingly

ORDERED that the Report of the Magistrate Judge (docket no. 7) is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED without prejudice for failure to exhaust administrative remedies prior to the filing of the lawsuit. Finally, it is

ORDERED that any and all other motions which may be pending in this civil action are hereby DENIED.

**SIGNED this 6th day of July, 2010.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE